Good morning, Your Honor. Renee Maines on behalf of Mr. Elias-Garcia. The issue on appeal here is not a question of whether what Mr. Elias-Garcia did many, many years ago in Oregon is a crime or was wrong. The question is whether it is a sufficiently serious crime that it qualifies for the most stringent enhancement under immigration law, under the sentencing guidelines, specifically sentencing guidelines 2L1.2B1A. Whether it qualifies for a 16-level offense adjustment because it is the type of crime similar to distribution of large quantities of drugs, similar to crimes of actual violence, or whether it is a lesser crime. Our position before the district court was that the Oregon statute at issue, which is Oregon Statute 163.247, sexual abuse in the first degree, with of course the overlie of attempt that Mr. Elias-Garcia pled to, Oregon Revised Statute 161.405, cannot qualify under the categorical approach. It is therefore critical to undertake the modified categorical approach. In terms of why it cannot qualify under the categorical approach, Oregon statute is missing many of the factors required. There is no mens rea requirement for Oregon statutes. There is no savings clause for the age difference at issue between the victims. One of the interesting things about Oregon statutes is they have actually charged individuals as young as 12 years old with copyright. One thing I didn't get to the point of the case, is that the state statute is a little  One thing I didn't get to the point of the case law. The case law is an interesting one. I'll just paraphrase it as interesting. You know, you've got to keep up with it to make sure you're on point at least. But he wasn't convicted of statutory rape, was he? No, he was not. The Oregon statute allows purely consensual conduct to be charged, although it wasn't a rape. It was a touching. What he actually admitted was that he kissed the young woman and that he touched her inappropriately. The charge was touching on the breasts. However, it's interesting to look at how Oregon defines this touching on the breasts. One of the most recent cases, Rodriguez v. Buck, out of the Oregon Supreme Court, the conduct at issue was a woman who apparently was well endowed hugged a young man from behind so that his head was equivalent with her well endowment. That was considered sexual abuse in the first degree under this statute. All that is required to be convicted under this statute could be a hug which brings your body in contact with the young woman's breasts. And that is what Mr. Elias Garcia admitted, that he kissed the young woman and that he hugged her, resulting in an inappropriate touch. Well, didn't he say he touched her breasts with his hands? No. He said he touched her inappropriately, was what the specific admission in the plea colloquy is. Well, we don't have the plea colloquy. Well, we have the plea statement. We do not have a transcript of the plea proceedings before the State court. What we have is his defendant's affidavit and petition for entry of a plea of guilty or no contest. Correct. And in there he says, down at the bottom, kissed and touched the victim in inappropriate manner. And before that, he says, I plead guilty and request that the Court accept my plea of guilty and have entered my plea of guilty on the basis of the following acts I committed. And under Oregon law, touching a victim in an inappropriate manner that involves breast contact could be a hug. That is what the Oregon Supreme Court stated. Who is the defendant in the Oregon Supreme Court case you cited? The woman. Well, then that suggests to me something different, because in this case it's the victim whose breasts we're talking about. I'm not sure. How does a hug qualify as an inappropriate or as a violation of the Oregon statute? Under Oregon's liberal interpretation, which has had include in Rodriguez-Muck, the other contact that was at issue included a young woman who was the victim leaning back against a man's hand and him subsequently brushing dirt over the clothes off of her buttocks. In the other case we mentioned in the AOB, it's a kiss on the neck. There was a very famous case in Oregon which resulted in charges but not actual prosecution where 13-year-old boys slapped some young women on the buttocks over the clothes in the high school hall. That is as broad as the contact has been alleged. So maybe it's not a – so the Oregon statute, sexual abuse, and here isn't a – isn't categorically a qualifying offense. It's – you believe it's a category. It's not categorically. Not categorically. Then we go to the modified categorical approach. Correct. You still have to compare the modified categorical approach to the appropriate generic offense that we're talking about. And it seems that we're dealing with the sort of the general one that we've recognized, and we explained this somewhat in Castro, the two different, one dealing with statutory rape and one dealing with sexual abuse. And I think we're – in my estimation, that's why I asked you right off the bat, is this statutory rape? I guess – And the answer, I think, is no. So what we're looking for in the modified categorical approach is to see if the documents show, you know, clearly that he was put guilty to an offense that satisfied the generic offense of sexual conduct with a minor that constitutes abuse. And what's key here, I think, is the age of the minor, the age of the victim. A couple of things on that, Your Honor. Perhaps when I say it's not statutory rape, to me that's because it is not a sexual act. It's conduct. And I think of statutory rape as an actual sexual act. This was consensual conduct. That is how it was charged. Now, where do you get the idea? If you take your approach and you look at the petition's – the defendant's affidavit and you look to see what he admitted, where do you see that he admitted that it was consensual conduct? That's in the indictment, Your Honor. There's not – So now you want us to look at the indictment as well. Well, because – But he didn't plead to the indictment. He pled to attempting the conduct in the indictment. And in terms of whether the State is alleging this is consensual or nonconsensual conduct, we have to look at the indictment. You can also find in the pre-sentence report his statement and his belief. So even though he didn't plead to the indictment as alleged, you want us to look at the indictment to decide exactly what he alleged – what he pled to. The indictment tells us what the State contended in terms of consent or nonconsent, and the State did not contend this was a nonconsensual act. In the pre-sentence report, Mr. Elias Garcia, which is a hearsay document, but his argument is that this was a purely consensual conduct. Well, you don't look at – you don't look at – Well, when you're talking about a minor 14 years old, does consensual make any difference? I don't think it does, does it, under the case law? I believe it does. If you look at Estrada – Show me a case where it makes a difference for a minor, you know, 14 years old, you know, if she gives consent, it makes a difference. The contact of when a young person's consent is no longer viable under Federal law, if we look at Estrada Espinoza, the en banc decision, it draws the line at 12. That line at 12 years old is where the Federal courts, the Federal statutes and the Federal guidelines have drawn it consistently under the Uniform Court of Military Justice, 10 U.S.C. 920, rape of a child and a 12-year-old, 18 U.S.C. 2241, aggravated sexual abuses with children who is someone who has not yet attained at the age of 12. I'm sorry, the military was also below 12. 18 U.S.C. 2243, the sexual abuse of a ward is between 12 and 16. Under 12 is different. 18 U.S.C. 2244, abusive sexual conduct involving young children is below the age of 12. I could go on, but there are four guidelines, sexual exploitation of a minor, promoting a commercial sexual act, trafficking of material involving sexual exploitation of a minor, and child exploitation enterprise, all of which draw the distinction under 12, 12 to 16, 16 and 12. I'm not sure I fully understand your argument. If we're dealing with a modified categorical approach and we're only looking at the permissible documents, my understanding, based on our case law, and I certainly will acknowledge that our case law, we have to do a great deal of law there and we have to parse your way through it. But we look at the we can look at the complaint or the information that was filed, the defendant's affidavit that was filed, and the judgment. So what it is about these documents that you want that you contend show that he did not plead to or admit facts that show that he didn't, that his offense doesn't satisfy the modified categorical approach of the generic Federal offense of sexual abuse of a minor. The generic sexual offense of sexual abuse of a minor when the conduct is consensual and that is how it is charged in the indictment, requires or does not include conduct between the ages of 12 and 16. In order to say that simply her age precludes consent, she would have to be below the age of 12, or there would have to be an allegation in the indictment. So if we look at the so your whole argument turns on the allegations in the indictment. Is that right? The allegation in the indictment, his statement and his plea petition. Where in the indictment do we get this notion that it was consensual? Because the indictment does not allege that it was not consensual. So it doesn't – oh, I see. So it's the omission of an allegation. Correct. All right. I see. I don't have any time left, Your Honor, but if I could, I'd like one minute for rebuttal. Okay. Good morning, Your Honors. May it please the Court. Brian Bounds of the United States. It is well established in the Ninth Circuit that there are at least two ways to a foreign offense under State law to qualify it as categorically as a sexual abuse of a minor for purposes of 2L1.2BA12. And that the first is the test of the court on bonks specified in Estrada Espinoza. And that is the test that an appellant would seek this court to implement in this case. However, there is undisputedly a second test, and that second test is spelled out in Medina v. United States v. Medina v. That's a decision from last year in which the courts specified that notwithstanding Estrada Espinoza, you can also qualify as a sexual abuse of a minor offense if the under a three-part test. And that three-part test is sexual conduct involving a minor and involving abuse. And the court in Medina v. And the third element was what? Involving abuse. And the court in Medina v. held, and this holding has been reaffirmed on at least five separate occasions over the last ten months, that conduct, sexual conduct against a victim under the age of 14 years of age is per se abusive. And in making that holding, Medina v. harkened back to this Court's 1999 decision in the case of Barron Medina. And in United States v. Barron Medina, the court said this, when holding prior to Estrada Espinoza that Section 288A of the California Penal Code, the insidious conduct involving a minor, was categorically a crime of violence and sexual abuse of a minor. They noted that the quality of the touching, the character of the touching under the California statute is immaterial. All the statute required was some physical contact with the victim and that it was done with the purpose of gratifying the sexual desires of any other person. So how did so do you agree that we have to go to the modified categorical approach here? Not at all, Your Honor. We argue below and we argue before this Court that this Oregon statutory sex abuse of a minor in the first degree is categorically a crime of violence under the test articulated by this Court after Estrada Espinoza in Medina v. United States v. Medina v. California. And that separate test has a categorical basis for finding that offenses categorically So in every instance, any conviction under this Oregon statute, I forget the number. In every instance, in every instance, it satisfies the elements of the generic definition that you're relying on for sexual abuse of a minor. Subsection A, the first subsection of the statute, yes, because that subsection specifies conduct against victims under the age of 14. And, of course, the victim in this underlying offense was not only alleged in the indictment. Well, when he pled, he pled to the statute as a whole. But the indictment specified that the victim was under the age of 14. Well, the judgment says that he pled to the statute as a whole with the additional allegation of attempt. The defendant did plead to the attempted offenses alleged in the indictment, but he did not vary from the charges of the indictment. He merely Well, how do we know that? Because if you go to his petition and his affidavit, he only says that he kissed and touched the victim in an inappropriate manner. That's the ax that he says I committed. That was the factual predicate for his plea, but his plea was specifically, excuse me, to counts one and two of the indictment, the first count alleged physical contact. No, but all the indictment in the judgment says is that he just pled to the statute. The judgment, I believe, Your Honor, specifies that he pled to counts one and two of the indictment, and the third count was dismissed. And the second count specifically alleged that the defendant had touched the victim's breast. But in any event, even the victim's lips qualify as Well, let's assume for a minute that it doesn't satisfy the categorical approach. Very well. Okay. So tell me about these documents. Why do these documents show that he pled guilty or admitted to all the essential elements of the generic offense? The generic offense of sexual abuse of a minor is defined in the circuit as having three elements, unless it's a statutory rape, crime, and control by Estrada Espinoza. Those three elements are only that the conduct is sexual, that the victim is a minor, and that it involved abuse. The first two elements are obviously satisfied categorically and under the documents that the government produced in this case, specifically the indictment, the plea petition, the judgment that was entered by the circuit court in the State of Oregon. The defendant the victim, excuse me, was under the age of 14, as alleged in the indictment. The indictment was not interlineated. The count in both the first and second counts in the indictment were pled guilty to by the defendant, the appellant here. And with respect to abuse, this Court as a categorical matter has simply held that sexual conduct involving victims under the age of 14 is categorically, in every instance, abusive. And, in fact, in Barron Medina, which was this Court's decision on which the Medina VA case hinged, specifically noted that the use of young children as objects of sexual gratification is corrupt, improper, and contrary to good order. It constitutes maltreatment no matter its form. That's page 1147 of U.S. v. Barron Medina, 187 F. 3rd, 1147. That holding has never been withdrawn or questioned. Estrada Espinosa relied on the distinction between older and younger adolescents, and Medina VA specifically said that when the victim is under the age of 14, it is categorically abusive. And that holding has been reaffirmed at least five times in the last year. So to your point, so what you would say is that, in light of the judgment where it reflects that he pled guilty to 163.427-161.405, which is a lesser-included offense of the charged count, that he admitted that he, in count one, that he attempted to commit the acts alleged, and the victim was under 14? Quite right, Your Honor. And that so what do we do with where he says that in the affidavit where all he admits to is that he kissed and touched the victim in an inappropriate manner? That the defendant did not. Now, that would be seen to be, I don't know. Maybe it's not. Maybe it is consistent. I don't know. It's entirely consistent, Your Honor. And that the defendant did not painstakingly detail every aspect of his offense in his plea petition in writing hardly undermines his plea of guilty to the charged offense in the indictment. The fact that he pled merely to attempt, pursuant to a pleading convention in the State of Oregon, whereby attempt crimes are punished less severely than completed crimes, is neither here nor there. He did not dispute the facts alleged in the charge. He did not strike charges one and two of the indictment, including contact with the victim's lips and the victim's breast through the clothing on the ladder count. And... Apparently this was a plea bargain. It was. All right. And you can generally complete any lesser included offense without amending the charging document. It was lesser and it was included, and it included the facts that were charged in the indictment because no other facts were alleged. But it... He didn't plead at count three. He did not. That was genital contact, I believe, Your Honor. And... Which is the more overtly sexual. I mean, it would be no wonder there's almost a spectrum. Would touching of the mouth qualify as sexual abuse under a more generic definition? I'm sorry? I apologize for my getting choked up at the wrong time. Count one dealt with mouth contact. Count two, breast. Count three, genitals. Under the generic definition, does count one qualify as touching the mouth, something deemed within the generic definition of sexual abuse? It does, Your Honor, and it's a good question. And the reason it does is because the victim was under the age of 14, and it was done with a sexual intent, with the intent to gratify the sexual desire of the defendant. And when the victim is under the age of 14 and the intent is sexual and there is physical contact, that is categorically a crime of violence and sexual abuse of a minor pursuant to Medina Villa, pursuant to Rivera-Cuertas, pursuant to Castro, pursuant to Valencia Barragan, in which this Court upheld Washington's statutory... Now, is that intent... Sorry? Is that intent a required element of the charge? I mean, it's not alleged in the indictment, is it? The sexual purpose is a required element. And in addition, as both the appellant and the Court has noted, this was an attempt crime which enhanced the mens rea requirement to a specific intent, to commit the offense. And in this case, there's simply no dispute that this was an intentional and sexual act. Not, excuse me, I guess there's a dispute as to whether it was an act, that it was sexual conduct is undisputed. In fact, appellant, in her opening statement, specified that it was undisputed it was sexual conduct, although she disputed that it was a sexual act. Attempted was what he said. Quite right, Your Honor, which is a specific intent offense under both Oregon and Federal law. If there are no other questions, the government will rely on its briefing in this case. Thank you. Your Honors, in terms of the age at issue, whether, in fact, every conduct below the age of 14 is abusive per se, this Court rejected that en banc in Estrada Espinoza when the conduct is consensual. If you look at the indictment at the excerpt of the record... What makes that case applicable to this, to the exclusion of the other definition of sexual abuse? Every other case, Medina v. Castro, et cetera, had dealt with nonconsensual conduct, actual full-scale sexual abuse of a nonconsenting minor. Does any of our case laws speak of conduct involving a child under 14 as being consensual? Estrada Espinoza does, Your Honor. The age range is 12 to 16. It adopts the 22-43 age range. If you look at Federal law, the statutes I provided previously, all of our guidelines, they draw distinctions at below 12, 12 to 16, 16 and above, with the per se abusive coming at below 12 when the conduct is consensual in nature, which we allege it was here. Do any of our cases recognize potentially consensual behavior of a child of this age with somebody who is substantially older? Not that... Estrada Espinoza turns on a four-year age difference and, in effect, says that two 14-year-olds and two 13-year-olds might be able to do something, or a 14-year-old and a 16-year-old. But is there anything resembling a case like the one we have in front of us now? Where we have a 22-year-old and a 13-year-old, Your Honor, no, they're not that I'm aware of. But if we're going to adopt a per se abusive across the board, I would submit that it is the government's burden to establish at any point in time that it starts at 13. If you look at Federal law, it is below the age of 12. I would point out that given that it's the – that given the nature of this case, it is the government's burden to establish clearly and unequivocally that this is, in fact, a crime of violence, and the rule of lenity applies to Mr. Elias Garcia. Therefore, we believe the government has not met its burden given the consensual conduct. But you would – do you – is it your position that the documents show that the victim was under age of 14? That is what is alleged. But that's not my question. Yes. That's what the documents show, yes. The victim was under the age of 14. Yes. And your whole argument turns on whether or not he admitted to consensual conduct or nonconsensual conduct. The distinction between whether the Estrada-Espinoza line of cases applies or the Castro-Medina-Villa cases applies is whether the conduct is consensual. Yes, Your Honor. I didn't mean to interrupt, Judge. No, no, no. I mean, you don't contest the age of the victim. No. The documents show that she was 13 years old. All right. Thank you, Your Honors. Okay. Thank you. We appreciate your arguments. The matter is submitted.
judges: Tashima, Paez, Clifton